the fact, and so we must take it after the verdict, the action would well lie, and the defendant below ought not to have been allowed to question the title, or to say that the plaintiff below had no title because the sheriff had not made a conveyance. The court put the case in the alternative. If the holding was with the permission of the plaintiffs below, the plaintiff is right; if the holding is adverse or tortious, the defendant is right. The jury found the fact in favor of the plaintiffs below; and that being so found, the deed was immaterial.

Further, the judgment being antecedent to the special contract made by Kennedy and Bailey about the application of the rents, the title of plaintiffs under the purchaser superseded or overruled that contract, and it ceased to have any operation when the judgment took effect, that is, on the sale made under the judgment.

Judgment affirmed.

## BUCKMASTER and KIMMEY v. WILLIAM F. CORBETT'S LESSEE.

High Court of Errors and Appeals, June 16, 1826.

*Ridgely's Notebook V, 73.*

## THOMAS JACOBS and ELIZA, his Wife, v. SELAH YOUNG, Executrix of Nathan Young.

High Court of Errors and Appeals. June 19, 1826.

*Ridgely's Notebook V, 78.*